AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| LAURENT ERIC THOREZ (1) | Case Number: 15CR1637-WQH |
| | RUSSELL BABCOCK, RET |
| | Defendant's Attorney |

REGISTRATION NO. 50071298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 OF THE INFORMATION
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2252(a)(2) | RECEIPT OF IMAGES OF MINORS ENGAGED IN SEXUALLY EXLPICIT CONDUCT | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) ALL REMAINING ___ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00

☒ Fine waived      ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

OCTOBER 20, 2015
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

Judgment — Page 2 of 4

DEFENDANT: LAURENT ERIC THOREZ (1)
CASE NUMBER: 15CR1637-WQH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 80 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility in the Western Region/as close to Southern California as possible, a facility with Sex Offender Management Program and a facility with vocational training

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: LAURENT ERIC THOREZ (1)
CASE NUMBER: 15CR1637-WQH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
8 years

  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 4 — Special Conditions

Judgment—Page 4 of 5

DEFENDANT:       LAURENT ERIC THOREZ (1)
CASE NUMBER:     15CR1637-WQH

# SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

2. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

3. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

4. Not knowingly associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

5. Not have any contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer. Defendant's own children and grandchildren are excluded from this condition.

6. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

7. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

8. Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 U.S.C. § 2256(2) and or actual "sexually explicit conduct" involving adults as defined by 18 USC 2257(h)(1); and not patronize any place where such materials or entertainment are the primary material or entertainment available.

9. Complete a sex offender evaluation, which may include periodic psychological testing , physiological testing (limited to polygraph) , and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

10. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.